**Lewis H. SAPER, Trustee,**

v.

**Stanley K. OLDDEN, as Assignee for the benefit of creditors of Ronald H. Garretson.**

United States District Court
S. D. New York.
March 18, 1954.

See also 121 F.Supp. 65, 131 F.Supp. 795.

I. Arnold Ross, New York City, for trustee.

Robert J. Blum, New York City, for assignee.

RYAN, District Judge.

The bankrupt made an assignment for the benefit of his creditors which was duly filed on January 28, 1953 in the office of the Clerk of the County of Kings. The final accounting of the assignee has not been settled and he is still in possession of substantial assets unadministered.

Thereafter, the bankrupt filed a voluntary petition in bankruptcy and was adjudicated a bankrupt on December 8, 1953. The schedules listed liabilities of over $36,000, recited the assignment and listed no assets. At a meeting of creditors, a Trustee was appointed by the Referee.

Upon petition of the Trustee, the Referee on December 2, 1954, ordered the assignee "to file in Court, on or before December 12, 1954, a sworn detailed schedule of the property of Ronald H. Garretson in his charge on December 8, 1953, and of all the liabilities thereon then existing, and a detailed schedule of all receipts and disbursements of said assignee since December 8, 1954" and further enjoined the assignee "from making any disbursements of said property without prior authority of the bankruptcy court." The assignee has filed a petition to review this order.

Section 11, sub. a(21), Title 11 U.S. C.A., Section 2, sub. a(21) of the Bankruptcy Act provides in express words that an assignee under an assignment executed more than four months prior to the date of bankruptcy shall not be required either to make delivery or accounting to the Trustee of property in his possession under his control by virtue of the assignment.

Section 11, sub. a(15), 11 U.S.C.A., Section 2, sub. a(15) of the Act, is limited to orders affecting the bankrupt estate; the property constituted no part of that estate.

The bankrupt's estate consisted only of that property which he had acquired after the date of assignment. Title to the property transferred by the assignment remained with the assignee; Section 110, sub. a(8), 11 U.S.C.A., Section 70, sub. a(8) of the Act, does not operate to divest the assignee of title, for the assignment did not constitute an act of bankruptcy on the date of the filing of the voluntary petition.

I read no Congressional purpose in the Act or its amendments to have jurisdiction over an assignee simultaneously exercised by the federal and state courts, when the assignment was made more than four months prior to bankruptcy.

The order of the Referee must be vacated and the stay vacated.